## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 653
#### HAYNES v. CASHNER
Ohio Appeals, 2nd Dist., Montgomery Co.
No. 637. Decided May 26, 1925

118. AUTOMOBILES—1. Fact that safety zone was not pleaded in action for injury to a person standing within it, not important; if otherwise competent, should have been admitted in evidence.

2. When power to describe the business and closely built up district is not delegated to city under existing statute, an ordinance tending to do so is incompetent and properly excluded.

BY THE COURT.

Elizabeth Cashner brought her action in the Montgomery Common Pleas against Russell Haynes for damages for injuries sustained by her by reason of her being struck by a machine which Haynes was driving. It seems that Cashner was standing in a safety zone waiting for a street car when the accident occurred. Upon trial in the court below she received a verdict and judgment for $12,000.

Error was prosecuted by Haynes and it was contended that the trial court erred in excluding the city ordinance, the business and closely built up district. It was also claimed that the verdict was excessive. The Court of Appeals held:

1. The question is as to the competency of the ordinance, for it is important as it would reflect upon the rate of speed at which Haynes might lawfully travel at the point where accident occurred.

2. Fact that ordinance was not pleaded is not important, for even if it was not pleaded, if otherwise competent, should have been admitted in evidence.

3. The ordinance when adopted was legal because the statute then in force delegated to the city the power to prescribe the business and closely built up district.

4. Under statute as it existed when the accident here occurred, no such power was delegated, but the question of a business or closely built up district became a question of fact for the jury. This view was taken by the trial court, and which this court approves.

5. The ordinance therefore was not competent and was properly excluded.

6. The injuries were such as to warrant the amount of the verdict and is not excessive as would jusitfy a reviewing court in disturbing it. Judgment affirmed.

Attorneys—Baumann & Haynes, Frank W. Krehbiel, Strother B. Jackson for Haynes; U. S. Martin, W. S. Rhotehamel for Cashner; all of Dayton.

No. 654
#### MILLER v. SWETLAND CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5341. Decided Feb. 2, 1925

707. LEASE—Where at expiration of, there is hold over by tenant, lease is renewed for another term unless there is new agreement by which tenant could hold over for a less term than specified in lease.

VICKERY, P. J.

The Swetland Co. brought action in the Cuyahoga Common Pleas to recover the amount due as rent for a building owned by it which was occupied by Joseph Miller, upon a year's lease, and after the expiration of that lease, he held over two months before he vacated the premises. The Company claimed that inasmuch as it was unable to procure another tenant the action was brought for ten months' rent on the theory that since Miller held over it created a new tenancy for the next year. Judgment was rendered in favor of the Company for the amount sued for.

Error was prosecuted and it was contended by Miller that the court made a wrong application of the law; that the facts showed there had been a new agreement and that the two months' occupancy was under a new agreement. The Court of Appeals held:

1. Proposition that the tenancy is extended for another year is only prima facie, and if a new agreement could be shown contrary to that, and the holding during the two months was under this new agreement and holding over that tenancy would govern, based on the new contract.

2. The verdict is not so manifestly against the weight of the evidence as to disturb it.

3. The holding over would be under the former tenancy and would extend the time for a year. Judgment affirmed.

Attorneys—J. G. Reyant and E. W. Waite, for Company; Young, Stocker & Fenner, for Miller; all of Cleveland.